THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOHN J. LULEJIAN (Cal. State Bar No. 186783)
Assistant United States Attorney
SHAWN J. NELSON (Cal. State Bar No. 185149)
Special Assistant United States Attorney
Violent and Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8603/5339
     Facsimile: (213) 894-3713
     E-mail:   John.Lulejian@usdoj.gov
               Shawn.Nelson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH CARTER, <br>     aka "S.A.," <br><br> Defendant. | CR No. 07-1141(A)-VBF <br><br> PLEA AGREEMENT FOR DEFENDANT JOSEPH CARTER |

1.   This constitutes the plea agreement between JOSEPH CARTER ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

PLEA

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to a single-count information in the form attached to this form, or a substantially similar form.

NATURE OF THE OFFENSE

3. In order for defendant to be guilty of the single-count in the information, which charges a violation of Title 21, United States Code, Section 843(b), the following must be true:

(1) defendant knowingly and intentionally used a "communication facility" (for example, a telephone or pager); and

(2) defendant did so to commit, cause or facilitate the commission of a felony drug offense (in this case, Conspiracy to Possess with Intent to Distribute and Distribute Cocaine, in violation of Title 21, United States Code, Sections 846 and 841(a)(1)).

Defendant admits that defendant is, in fact, guilty of this offense as described in the superseding information.

PENALTIES

4. The statutory maximum sentence that the Court can impose for this violation of Title 21, United States Code, Section 843(b), as described in the superseding information, is 4 years imprisonment, a 3-year period of supervised release, a fine of up to $250,000.00, and a mandatory special assessment of $100.00.

5. Under Title 21, United States Code, Section 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act and will not be eligible for federal food stamp program

1  benefits; furthermore, any such benefits or assistance received
2  by defendant's family members will be reduced to reflect
3  defendant's ineligibility.
4      6.  Supervised release is a period of time following
5  imprisonment during which defendant will be subject to various
6  restrictions and requirements.  Defendant understands that if
7  defendant violates one or more of the conditions of any
8  supervised release imposed, defendant may be returned to prison
9  for all or part of the term of supervised release, which could
10 result in defendant serving a total term of imprisonment greater
11 than the statutory maximum stated above.
12     7.  Defendant further understands that, by pleading guilty,
13 defendant may be giving up valuable government benefits and
14 valuable civic rights, such as the right to vote, the right to
15 possess a firearm, the right to hold office, and the right to
16 serve on a jury.
17     8.  Defendant further understands that the conviction in
18 this case may subject defendant to various collateral
19 consequences, including but not limited to deportation,
20 revocation of probation, parole, or supervised release in another
21 case, and suspension or revocation of a professional license.
22 Defendant understands that unanticipated collateral consequences
23 will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

25     9.  Defendant and the USAO agree and stipulate to the
26 statement of facts provided below.  This statement of facts is
27 sufficient to support a plea of guilty to the charge described in
28 this agreement and to establish the sentencing guideline factors

set forth in paragraph 12 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between February 8, 2006, and February 9, 2006, defendant conspired with Kenneth Bernard Riley, "Bones" (whose true name is unknown), and "Juvie" (whose true name is unknown) to possess with intent to distribute and distribute cocaine.

On or about February 9, 2006, while in Los Angeles County, within the Central District of California, defendant communicated with Riley on defendant's telephone, and in a series of telephone calls in coded language, arranged for the sale of cocaine (approximately 8 ounces or 226.8 grams of cocaine) to another person through "Juvie," who was an associate of Riley.

A telephone is a communication facility. At all relevant times, defendant knew and understood that he, Riley, "Juvie," and others were conspiring to possess with intent to distribute and distribute cocaine and that the communications related to that conspiracy.

## WAIVER OF CONSTITUTIONAL RIGHTS

10. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty,

4

he retains the right to be represented by counsel -- and, if necessary, to have the court appoint counsel if defendant cannot afford counsel -- at every other stage of the proceeding.)

    d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses against defendant.

    f) The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## SENTENCING FACTORS

11. Defendant understands that the Court is required to consider the factors set forth in Title 18 United States Code, Section 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), in determining defendant's sentence. Defendant further understands that the Sentencing Guidelines are advisory only, and that after considering the Sentencing Guidelines and the other Section

3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | <u>20</u> | [U.S.S.G. §§ 2D1.6, 2D1.1(c)(10)] |
| Acceptance of Responsibility | : | <u>-3</u> | [U.S.S.G. §3E1.1] |
| Total Offense Level | : | 17 | |

The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under Section 3E1.1(b)) only if the conditions set forth in paragraph 16 are met. Subject to paragraph 15, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to the applicable Offense Level, be imposed. If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section. Defendant also understands that defendant's base offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that defendant's offense level is so altered, the parties are not bound by the

base offense (or adjusted offense) level stipulated to above.

13. There is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO, pursuant to the factors set forth in Title 18, United States Code, Sections 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), further reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines.

15. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.

### DEFENDANT'S OBLIGATIONS

16. Defendant agrees that he will:

   a) Plead guilty as set forth in this agreement.

   b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

   c) Not knowingly and willfully fail to: (i) appear for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

   d) Not commit any crime; however, offenses which would

be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

  e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

  f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the United States Probation Office prior to sentencing.

## THE USAO'S OBLIGATIONS

17.  If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees:

  a) To abide by all sentencing stipulations contained in this agreement.

  b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

  c)  Except for criminal tax violations (including conspiracy to commit such violations chargeable under Title 18, United States Code, Section 371), not to further prosecute defendant for violations of Title 21, United States Code, Sections 846 and 841 arising out of defendant's conduct described in the stipulated factual basis set forth in paragraph 9 above. Defendant understands that the USAO is free to prosecute

defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

    d) To dismiss the indictment, as to defendant only, at the time of sentencing.

## BREACH OF AGREEMENT

18. If defendant, at any time after the execution of this agreement, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all of its obligations under this agreement.

19. Following the Court's finding of a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of

this agreement and the commencement of any such prosecution or action.

      b) Defendant gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

      c) Defendant agrees that: (I) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL

20. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 17, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's

criminal history category and the conditions of supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318, 01-05, and/or 05-02 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. The USAO gives up its right to appeal the sentence, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or above the range corresponding to a total offense level of 17, and the applicable criminal history category as determined by the Court.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all of their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## COURT NOT A PARTY

23.  The Court is not a party to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

24.  Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel.  Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25.  The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

1  This agreement is effective upon signature by defendant and
2  an Assistant United States Attorney.

3

4  AGREED AND ACCEPTED

5  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
6
   THOMAS P. O'BRIEN
7  United States Attorney

8  [signature]                                    9/3/08
9  JOHN J. LULEJIAN                               Date
   Assistant United States Attorney
10 SHAWN J. NELSON
   Special Assistant United States Attorney
11

12     I have read this agreement and carefully discussed every
13 part of it with my attorney. I understand the terms of this
14 agreement, and I voluntarily agree to those terms. My attorney
15 has advised me of my rights, of possible defenses, of the
16 sentencing factors set forth in Title 18, United States Code,
17 Section 3553(a), of the relevant Sentencing Guidelines
18 provisions, and of the consequences of entering into this
19 agreement. No promises or inducements have been given to me
20 other than those contained in this agreement. No one has
21 threatened or forced me in any way to enter into this agreement.
22 Finally, I am satisfied with the representation of my attorney in
23 this matter.

24
25 [signature: Joseph Carter]                     9-3-08
   JOSEPH CARTER                                  Date
26 Defendant

27

28

13

I am Joseph Carter's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in Title 18, United States Code, Section 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____     9/3/08
JOHN LITTRELL, DFPD                Date
Counsel for Defendant
JOSEPH CARTER

14